UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVA VERNER,

    Petitioner,

v.                                          CASE NO. 6:09-cv-1759-Orl-28DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondents have moved to dismiss the petition without prejudice (Doc. No. 17). Respondents assert that Petitioner has a pending motion for post-conviction relief in the state trial court. *Id.* at 2. Respondents also note that nine of Petitioner's claims remain unexhausted. This Court granted Petitioner an opportunity to respond to the motion to dismiss and indicate whether she wished to exhaust the unexhausted claims by dismissing the case or moving for a stay or to dismiss the unexhausted claims and continue to pursue the exhausted claims (Doc. No. 20). Petitioner filed a response that did not address the exhaustion issue (Doc. No. 21).

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b). This exhaustion of state remedies

requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). A "mixed petition," which is one that includes both exhausted and unexhausted claims, will be dismissed for non-exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

In the present case, the Court finds that the proper course is dismissal of the instant petition without prejudice to Petitioner's right to re-file upon exhaustion of her state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (the stay and abeyance of section 2254 habeas action is within the district court's discretion, but it is disfavored). In *Rhines*, the Supreme Court held that "stay and abeyance should be available only in limited circumstances" in section 2254 habeas actions. *Id.* at 277. The Court explained that stays of federal habeas cases frustrate the finality and streamlining purposes of federal habeas law. *Id.* Thus, a stay in this context is appropriate only where a petitioner has "good cause" for his or her failure to exhaust the claims in state court. *Id.*

Here, Petitioner has not moved for a stay of the action, and the Court, therefore, finds no good cause requiring a stay and abeyance. Petitioner does not run the risk of losing her right to petition for federal habeas relief due to statute of limitations concerns if the Court dismisses her petition without prejudice. Petitioner has a pending motion for post-conviction relief in the state court, which may toll the federal habeas one-year period of limitation.

The Court recognizes that, in some habeas exhaustion scenarios, it is appropriate to afford the petitioner the option of dismissing unexhausted claims from the habeas petition and proceeding on exhausted claims. *See Rhines*, 544 U.S. at 278. Here, however, Petitioner has not asked the court to dismiss her unexhausted claims in order to proceed now in federal court. The Court will grant Respondents' motion to dismiss.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus Without Prejudice (Doc. No. 17) is **GRANTED**.

2. The Petition for Writ of Habeas Corpus filed by Eva Verner (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this ___ day of May, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 5/21
Eva Verner
Counsel of Record